[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
By a ruling filed on August 18, 1993, this court dismissed the application for habeas corpus of petitioner Leroy Harris. Upon the petitioner's motion, the court has certified to the Appellate Court two legal questions decided in that ruling, that is, whether this court properly applied the prejudice requirement of Strickland both in general and as to the issue of the trial court's charge to the jury.
The court has denied certification as to a third question and instead addresses the issue in this supplemental ruling. The issue is framed by the petitioner in the following way: "Whether the habeas court erred in its dismissal of the Petitioner's writ of habeas corpus on the second prong of Strickland, prejudice, without addressing all of the Petitioner's claims, specifically, but not exclusively, his claim that but for counsel's deficient performance in allowing the entire record of Petitioner's escape conviction to be exposed to the jury, the Petitioner would have chosen to testify on his own behalf."
The court supplements its initial ruling to clarify its findings on the particular issue raised by the petitioner in his motion.
At the trial of the habeas petition, the petitioner stated that he knew at the time of his trial on the charges of robbery and sexual assault that he had the option of testifying on his own behalf. When asked why he had not testified, he did not state the claim raised above, but surprised his counsel by stating that he thought his situation would be made worse if he took the stand because he would be questioned about his past convictions. CT Page 7997 When pressed, he added that the conviction for escape was one of the convictions he was worried about, but under cross examination he acknowledged that he had other felony convictions in addition to the escape charge, and that he knew that if he took the stand all such convictions would be presented to the jury.
Evidence concerning the petitioner's escape and conviction on the charge of escape was introduced in the State's case in chief. At the time the petitioner made his decision whether or not to testify, the fact of escape and conviction on a charge of escape was already before the jury, and the court does not find credible the petitioner's claim that he forwent the opportunity to testify so that he would not be asked about information already known to the jury. The claim that the escape conviction was presented at length, rather than briefly, was not shown to have made any difference to the petitioner's decision not to testify, and he did not testify that he would have taken the stand if the escape conviction had been more summarily presented. Rather, the court finds that the petitioner did not testify because he chose not to have the jury learn about his other felony convictions.
The court notes that the amended petition does not claim that trial counsel was ineffective in failing to advise the petitioner to testify on his own behalf, and finds completely unbelievable the petitioner's belated attempt to relate his decision not to testify to a failure of his counsel to attempt to limit the evidence concerning the escape.
Beverly J. Hodgson Judge of the Superior Court